Reed J.
The determination of this case depends upon the nature of the covenants of seizin and of power to convey.
These covenants are synonymous, but not converse.
If a man be seized in fee, he has the power to sell, but he may have the power to sell and not be seized.
- When, therefore, the power to sell results from seizin, the two covenants are inseparable and of the same nature, and in such case if the one be real the other is real, and if the one be *60 personal the other is personal. Hence, in such case, if an action would lie upon the one it would upon the other; but dam-upon the one would be satisfaction for both. But by declaring upon both in separate counts in a declaration, the one cannot be treated as real and the other as personal. The one cannot be considered personal, stopping with the first grantor, and the other real, running with the land. Therefore, when the Court, in their charge to the jury, treated the covenant of seizin as one which ought, under certain circumstances, run with the land, and the covenant of power to convey as always personal, they erred in respect to the unity of these- covenants. But in the present case both covenants were personal, and as the judgment was in conformity with the law, no injury was shstained by the plaintiff by such charge. These covenants then will be treated as identical in the further consideration of this case, as they possess the same legal qualities and are attended with the same legal results.
The covenant of seizin is in presentí or in futuro, and may be personal or real. If it never attach to the land it is instantly broken and personal, if it once attach, it is real, and runs with the land.
If the grantor be in actual possession, claiming adversely, the covenant of seizin runs with the land, and is not broken until the purchaser, or those claiming under him, are evicted by paramount title. But if the grantor is not in actual possession, and has not title, the covenant of seizin is instantly broken, and is personal. If under Such circumstances the grantee should see proper to convey, the purchaser from him could not sue upon the original covenant of seizin as with the first grantor, he is neither in privity of estate or contract; and the covenant, in such case, being personal, is a chose in action not transferable, but remains to the first grantee. This conclusion is not only-supported by numerous authorities, but is expressly laid down in the case of Backus v. McCoy, 3 O. Rep., to which we still adhere.
But it may be contended that in this case the original grantor was in possession. This is not true either in fact or law. The *61 land has been recovered by title paramount, and thus there was no title in the original grantor, which could draw the possession, and in point of fact there never was any actual Thus there never having been any possession in law or fact, the covenant of seizin and power to convey were personal, and no one could sue upon their breach but the first grantee.
We do not find, therefore, that the jury were misdirected in any material point as to matter of law, or that the jury were not warranted in their verdict. The motion for a new trial was therefore properly overruled, and judgment entered upon the verdict.

Judgment affirmed.